IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOE DEE STANG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT AN ERROR IN RECORD<br><br><br>Case No. 2:10-CR-712 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Correct an Error in Record. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On August 11, 2010, Defendant was charged with Hobbs Act robbery, two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, armed bank robbery, possession of a stolen firearm, and felon in possession of a firearm. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pleaded guilty to Hobbs Act robbery and using, carrying and brandishing a firearm during and in relation to a crime of violence. On January 4, 2012, Defendant was sentenced to 300 months' imprisonment in accordance with the plea agreement. Prior to sentencing, Defendant indicated he had no objections to the Presentence Report. Now, over three years later, Defendant seeks to amend the presentence report under Federal Rule of Criminal Procedure 36.

## II. DISCUSSION

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[1] "However, this provision allows correction of only non-substantive errors and does not empower a court to substantively modify a sentence."[2] "Rule 36 motions apply to clerical errors only and are not the proper vehicle to challenge the substance of the information in a presentencing report."[3]

Defendant was required to object to any allegedly inaccurate information prior to sentencing. He did not and now he cannot use Rule 36 to escape his previous failure.[4] Even if Defendant could properly rely on Rule 36, Defendant has failed to provide sufficient information from which the Court could find that the presentence report contained a non-substantive error. Rather, Defendant seeks to substantively amend the criminal history section of his presentence report. This falls outside the scope of Rule 36.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Correct an Error in Record (Docket No. 48) is DENIED.

---

[1] Fed. R. Crim. P. 36.

[2] *United States v. Swearingen*, 506 F. App'x 804, 808 (10th Cir. 2013).

[3] *United States v. Simon*, 36 F. App'x 415, 416 (10th Cir. 2002).

[4] *See United States v. Long*, 419 F. App'x 845, 848 (10th Cir. 2011).

DATED this 13th day of April, 2015.

BY THE COURT:

*[signature]*

Ted Stewart
United States District Judge