IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>JOE DEE STANG,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:10-CR-712 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Joe Dee Stang's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant pleaded guilty to a violation of 18 U.S.C. § 924(c) and Hobbs Act robbery. Because Defendant had a previous conviction under § 924(c), he was subject to a 25-year minimum mandatory sentence. The parties agreed to a sentence of 25 years' imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the parties' agreement and imposed a 25-year sentence, which was 63 months below the low-end of the guideline range. Defendant has served nearly 10 years of his sentence and has a scheduled release date in 2031. He now seeks to reduce his sentence to time served based on his health conditions and the COVID-19 pandemic.

1

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision.  The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[2]

The United States argues that Defendant's Motion should be denied because: (1) Defendant has failed to exhaust his administrative remedies; (2) he has not identified extraordinary and compelling reasons for his reduction in sentence; and (3) he poses a significant danger to the community.  The Court agrees that Defendant is a danger to the community.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[2] U.S.S.G. § 1B1.13.

2

Therefore, even assuming he has exhausted his administrative remedies and demonstrated extraordinary and compelling reasons for release, his Motion must be denied.

The Sentencing Commission directs the Court to consider whether Defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). To determine whether a Defendant is a danger to the safety of any other person and the community under this provision, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence [or] . . . involves . . . a firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[3]

Defendant contends that he is no longer a danger to society. Defendant argues that his previous conduct was linked to his drug addiction, which he asserts is behind him. Defendant also argues that he has aged out of his bad behavior. Defendant's lack of disciplinary actions while in custody provides some support for this claim.

Cutting against Defendant's claim of rehabilitation is his prior history and the conduct that led to his conviction in this Court. Defendant incurred his first federal conviction in 1993. He was convicted in the District of Idaho for armed bank robbery and a violation of § 924(c). In

---

[3] 18 U.S.C. § 3142(g).

that instance, Defendant robbed a bank at gunpoint. He was apprehended after trying to alter his appearance. While in custody, it was discovered that Defendant and his cell mate were attempting to escape. Defendant was sentenced to a total of 93 months' custody.

After his release, Defendant's criminal conduct continued. In 2003, Defendant was sentenced to 3 to 5 years' imprisonment for malicious injury to property. In that case, Defendant had broken into a change machine at a car wash and attempted to steal an ATM. In 2009, Defendant was again convicted of malicious injury to property and sentenced to 2 to 5 years' custody. In that case, Defendant also attempted to steal money from a change machine from a car wash. That same year Defendant was sentenced to 3 to 10 years' imprisonment for burglary where he again tried to break into an ATM. In 2010, Defendant was convicted of burglary. Defendant apparently walked away from a work center while in custody.

In this case, Defendant robbed a smoke shop and a bank, both at gunpoint. These were serious crimes of violence involving a firearm. Defendant was eventually apprehended after a lengthy stand-off with police. Defendant later admitted the gun used was stolen during a residential burglary.

While Defendant's professed change is commendable, his history casts doubt on his ability to maintain a law-abiding lifestyle. Defendant's history demonstrates that prior sentences have not deterred his criminal conduct. Defendant remains a risk to the community and his request for release will be denied.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 51) is DENIED.

DATED this 14th day of August, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge
