IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOE DEE STANG,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT<br><br><br>Case No. 2:10-CR-712 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on the government's Motion for Order Authorizing Payment from Inmate Trust Account. Defendant objects and requests the Court order the release of the lien placed on these funds. For the reasons discussed below, the Court will grant the government's Motion.

I. BACKGROUND

　　　　Defendant pleaded guilty to Hobbs Act robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. As part of the judgment, Defendant was ordered to pay a special assessment in the amount of $200.00 and $2,661.00 in restitution. Defendant has paid his special assessment in full and has paid $325.00 toward restitution. Recently, the Executive Office for the United States Attorneys ("EOUSA") notified the United States Attorney's Office for the District of Utah that the Bureau of Prisons ("BOP") currently maintains in its possession, custody, or control at least $1,062.28 belonging to Defendant. The United States seeks entry of an order authorizing the BOP to turn over $862.28 of these funds to

1

the Clerk of Court as payment toward Defendant's outstanding restitution obligation. Defendant objects, arguing that he was not ordered to pay restitution as part of the judgment.

## II.  DISCUSSION

The Mandatory Victim Restitution Act requires that a court order "that the defendant make restitution to the victim of the offense," "when sentencing a defendant convicted of an offense described in subsection (c)."[1] Subsection (c) states that these mandatory restitution orders apply to "all sentencing proceedings for convictions of, or plea agreements related to charges for, any offense . . . that is . . . a crime of violence, as defined in section 16."[2] Hobbs Act robbery is a crime of violence.[3]

Restitution orders entered under the Mandatory Victim Restitution Act are enforced in accordance with 18 U.S.C. § 3664. Under § 3664(n):

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

"While the statute generally is designed to reach any 'windfall' received by a person under a restitution requirement, the language of the statute is broad, and applies where a defendant obtains 'substantial resources' after the initial order of restitution 'from any source.'"[4]

Here, Defendant has received a substantial resource and is required to apply the value of that resource to his outstanding restitution obligation. Defendant argues that he was not ordered

---

[1] 18 U.S.C. § 3663A(a)(1).

[2] *Id.* § 3663A(c)(1)(A)(i).

[3] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018),

[4] *United States v. Grigsby*, No. 12-10174-JTM, 2016 WL 1056560, at *5 (D. Kan. Mar. 16, 2016) (internal citation omitted).

2

to pay restitution as part of his judgment, but this is plainly incorrect as Defendant's own submission reveals.[5] Therefore, the Court directs the BOP to turn over $862.28 held in Defendant's inmate trust account to the Clerk of the Court as payment towards Defendant's restitution.

## III.  CONCLUSION

It is therefore

ORDERED that the government's Motion for Order Authorizing Payment from Inmate Trust Account (Docket No. 66) is GRANTED.  It is further

ORDERED that Defendant's Motion to Withdraw the lien (Docket No. 67) is DENIED.

DATED this 5th day of April, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] Docket No. 67-1, at 5.