IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOE DEE STANG,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:10-CR-712 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Joe Dee Stang's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant pleaded guilty to a violation of 18 U.S.C. § 924(c) and Hobbs Act robbery. Because Defendant had a previous conviction under § 924(c), he was subject to a 25-year minimum mandatory sentence. The parties agreed to a sentence of 25 years' imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the parties' agreement and imposed a 25-year sentence, which was 63 months below the low-end of the guideline range. Defendant has served nearly 11 years of his sentence and has a scheduled release date in 2031. He now seeks to reduce his sentence to time served based on his health conditions and the COVID-19 pandemic.

II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2] In two recent decisions, the Tenth Circuit has held USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[3] Instead, "the Sentencing Commission's existing policy statement is

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *McGee*, 992 F.3d at 1050; *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

2

applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[4]  Because there is no policy statement "applicable" to § 3582(c)(1)(A) motions filed by prisoners, the Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant contends he suffers from several health conditions that put him at a higher risk of severe complications or death from COVID-19.  However, Defendant has received two doses of the Moderna vaccine.[6]  A number of courts have held that a fully vaccinated individual, such as Mr. Duran, cannot show an "'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns."[7]  The Court agrees and concludes that Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction.

Even assuming Defendant's medical conditions and rehabilitative efforts—in conjunction with the COVID-19 pandemic—qualify as extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the

---

[4] *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 837 (same).

[5] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also Maumau*, 993 F.3d at 834 (same).

[6] Docket No. 75-2, at 260.

[7] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases); *cf. United States v. Hald*, ---F.4th---, 2021 WL 3439012, at *1 n.2 (10th Cir. Aug. 6, 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

18 U.S.C. § 3553(a) factors.[8] The Court previously considered similar factors and concluded that Defendant's requested relief was unwarranted.[9] The Court's consideration of the §3553(a) factors now reaffirms that release is not appropriate. The offense was serious. Defendant robbed a smoke shop and a bank, both at gunpoint. These were serious crimes of violence involving a firearm. Defendant was eventually apprehended after a lengthy stand-off with police. Defendant later admitted the gun used was stolen during a residential burglary. The sentence Defendant received reflects the seriousness of his conduct.

That sentence is also necessary to provide deterrence to this Defendant and others, and to protect the public. Defendant has a long history of similar conduct, incurring his first bank robbery conviction in 1993 and continuing his criminal conduct unabated. While the Court commends Defendant's efforts to better himself, release is not appropriate under the relevant factors.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 70) is DENIED.

---

[8] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

[9] Docket No. 65. The Court previously consider the factors set out in 18 U.S.C. § 3142(g), but the Tenth Circuit has clarified that the Court should consider the factors set out in 18 U.S.C. § 3553(a).

DATED this 14th day of September, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge