IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOE DEE STANG,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 2:21-CV-413 TS<br>Criminal Case No. 2:10-CR-712 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On August 11, 2010, Petitioner was indicted on Hobbs Act robbery, bank robbery and firearms offenses. The Indictment alleged that Petitioner "did take and attempt to take from an employee of the Smokers Friendly store . . . by physical violence and threatened physical violence, United States currency and commodities which belonged to and were in the care, custody, control, management and possession of the Smokers Friendly store"[1] in violation of the Hobbs Act. It further alleged that during the Hobbs Act Robbery, Petitioner "did use and carry and brandish a firearm, to wit, a silver handgun; all in violation of 18 U.S.C. § 924(c)."[2]

---

[1] Case No. 2:10-CR-712-TS, Docket No. 7.

[2] *Id.*

1

Petitioner pleaded guilty to Hobbs Act robbery and a violation of 18 U.S.C. § 924(c). In his Statement in Advance of Plea, Petitioner made the following admission:

> I admit that on July 25, 2010, I knowingly robbed the Smokers Friendly store in Salt Lake City, Utah. I further admit that during that robbery, I was carrying a silver handgun and that I demanded that the sole employee in the store give me all the money from the cash register. I also ordered that employee to put cartons of cigarettes into a bag for me. I then took the employee into the back part of the store, tied her hands behind her back with a shoelace, and fled the scene. I admit that the Smokers Friendly store does business in interstate commerce and that my actions obstructed, delayed and affected such commerce.
> In addition, I further admit that on July 29, 2010, I went into a Zions Bank in Salt Lake City and handed a note to one of the tellers, asking for money. When the teller told me she didn't have any money, I lifted my shirt and showed the teller a silver handgun. The teller then gave me approximately $1688 in cash.
> I further admit that the handgun I used in both robberies was a Browning 9mm semi-automatic, which the police seized from me at the time of my arrest on July 30, 2010, following a 15-hour standoff.[3]

Because Petitioner had a previous conviction under § 924(c), he was subject to a 25-year minimum mandatory sentence. The parties agreed to a sentence of 25 years' imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). The Court accepted the parties' agreement and imposed a 25-year sentence, which was 63 months below the low-end of the guideline range.

## II. DISCUSSION

Relying on the Supreme Court's recent decision in *United States v. Taylor*,[4] which held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A), Petitioner contends that his conviction must be vacated because it included an attempt to commit robbery.[5] The Court disagrees.

---

[3] Case No. 2:10-CR-712-TS, Docket No. 34.

[4] ---U.S.---, 142 S. Ct. 2015 (2022).

[5] Petitioner concedes that his other arguments have been foreclosed by Tenth Circuit precedent but preserves them for purposes of appeal. The Court will not address those claims.

To determine whether a conviction qualifies as a crime of violence, the Court generally uses the categorical approach, which looks only "to the elements of the statutes of conviction and not to the particular facts underlying those convictions."[6] At times, however, the Court may use the modified categorical approach to determine whether a prior conviction is a crime of violence. This approach is warranted when a statute is divisible: that is, when it sets out one or more elements of the offense in the alternative.[7] "The modified categorical approach allows courts to consult certain documents—for example, the charging document, plea agreement, and transcript of the plea colloquy—to decide 'what crime, with what elements, a defendant was convicted of.'"[8]

In a recent unpublished case, the Tenth Circuit concluded that "the Hobbs Act is divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery" "because these three crimes comprise different elements."[9] While not binding, this case is persuasive and the Court will follow it. Since the Hobbs Act is divisible, the Court can use the modified categorical approach to determine whether Petitioner was convicted of a completed robbery (which is a crime of violence) or an attempted robbery (which is not).

Here, Petitioner's admissions in his Statement in Advance of Plea make it clear that he was convicted of a completed robbery and not merely an attempt. Because Tenth Circuit

---

[6] *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) (internal quotation marks and citation omitted).

[7] *Mathis v. United States*, 579 U.S. 500, 505 (2016).

[8] *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (quoting *Mathis*, 579 U.S. 505–06).

[9] *Id.*

authority provides that Hobbs Act robbery is categorically a crime of violence under § 924(c),[10] and Petitioner's predicate conviction is for completed Hobbs Act robbery, not attempted Hobbs Act robbery, the court denies and dismisses Petitioner's § 2255 motion.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED and DISMISSED.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 14th day of February, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[10] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018).